IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:11-CV-310-K |
| WILLIAM SMITH and | § | |
| all occupants, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The standing order automatically referring fee-paid pro se civil actions, N.D. Tex. Special Order 3-251, issued March 8, 2006, is hereby **VACATED** as it relates to this case.

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Remand and Motion for Attorney's Fees (Doc. No. 5). After review and consideration of the motion, notice of removal, pleadings, and the applicable law, the motion is **GRANTED**. This cause is hereby **REMANDED** to the County Court at Law No. 3, Dallas County, Texas. Wells Fargo's request for costs and attorney's fees is **DENIED**.

## I.     Background

There are few facts presented by the parties in their filings. From what this Court can discern, Wells Fargo bought a house belonging to Defendant William Smith following a non-judicial foreclosure proceeding. The house is located at 3701 Lofland

Lane, Rowlett, Texas 75088. Wells Fargo obtained title to the house, but Mr. Smith did not vacate following foreclosure. To obtain possession of the house, Wells Fargo initiated a forcible detainer suit in justice of the peace court pursuant to Tex. Prop. Code. Ann. § 24.002 (Vernon 2000 and Supp. 2010) on December 16, 2010. A forcible detainer suit is essentially an eviction proceeding.

Mr. Smith was served with notice of the forcible detainer suit on December 28, 2010, and Wells Fargo obtained a judgment in justice of the peace court on January 5, 2011. Though the exact date is unclear, Mr. Smith filed a notice of appeal of the judgment to the county court by January 31, 2011 at the latest. *See* Tex. R. Civ. P. 749 (either party may appeal a final judgment in a forcible entry and detainer case to the county court). Trial in the county court was set for February 17, 2011. *See Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416–17 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) (forcible detainer suits may be appealed for *de novo* review in the county court). Before a decision could be reached in the county court, Mr. Smith removed to this Court on February 16, 2011.

## II.    Legal Standard for Removal

Removal raises significant federalism concerns, which is why removal statutes are strictly construed in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The burden of establishing federal jurisdiction is heavy, and it is borne by the removing party. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

### III. Analysis

Wells Fargo present two arguments to remand this case to the county court: (1) Mr. Smith failed to timely remove his action to federal court and (2) even if there was timely removal, there is no basis for federal jurisdiction.

#### A. Timeliness of Removal

Removal of a civil action or proceeding from a state court must occur within thirty days after a defendant receives a pleading, motion, or other paper that suggests the existence of federal jurisdiction. 28 U.S.C. § 1446(b) (2011); *see generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Wells Fargo argues that the thirty day clock began to run when Mr. Smith was served with process for the justice of the peace lawsuit on December 28, 2010. In his Notice of Removal, Mr. Smith identifies the county court appeal as the state action from which he removed and states the county suit was initiated on January 31, 2011. Because removal occurred on February 16, 2011, removal would be timely if measured from Mr. Smith's date and untimely if measured from Wells Fargo's date.

Wells Fargo argues the county court lawsuit is a continuation of the justice of the peace lawsuit and cites *Shaw v. Nix*, No. H-98-2927, 1998 WL 894587 (S.D. Tex. Dec. 18, 1998) in support of its position. In *Shaw*, the district court concluded that, because the justice of the peace court had exclusive, original jurisdiction over the forcible detainer case, the county court appeal was necessarily a continuation of the original suit.

*Id*.  In other words, a forcible detainer suit can not originally be brought in county court, so any forcible detainer suit in a county court must have originated in a justice of the peace court.  *See id*.  This situation always makes a forcible detainer suit in Texas state county court a supplemental or incidental suit to the original action in justice of the peace court.  *Overman v. Overman*, 412 F. Supp. 411, 412 (E.D. Tenn. 1976) (a "civil action" as used in the general removal statute, 28 U.S.C. § 1441, does not include a proceeding that is supplemental or incidental to another state court action); *see also Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006).

This conclusion, that the thirty day-time limit for removal begins to run from service of the justice of the peace suit for forcible detainer cases, is the same one reached in this district when presented with a similar situation.  *Deutsche Bank Nat. Trust Co. v. Lee*, No. 3:10-CV-2143-L, 2010 WL 5441673, *2 (N.D. Tex. Dec. 23, 2010) (Lindsay, J.).  This Court agrees with the logic of those decisions.  The relevant date for removal purposes is December 28, 2010.  Mr. Smith's removal was due on or before January 27, 2011, so his filing on February 16, 2011 was untimely by twenty days.

### B. Jurisdictional Bases for Removal

Even if a defendant timely files a notice of removal, federal subject matter jurisdiction must still be established.  An action may be removed if a federal court would have original jurisdiction over the removed claims.  42 U.S.C. § 1441(a) (2011).  It's not clear from his Notice of Removal whether Mr. Smith asserts diversity *and* the

existence of a federal question as bases for federal jurisdiction or only diversity.  *See* Def. Not. of Remov. at 1 (Doc. No. 1).  Out of an abundance of caution, the Court will examine both.  Mr. Smith does not identify how his claims "arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2011).  Mr. Smith has not met his burden to establish federal jurisdiction under Section 1331.

For actions on which prospective jurisdiction is founded upon diversity, all the requirements of 28 U.S.C. § 1332 must be met.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2005).  A case removed under § 1332 must have complete diversity of citizenship.  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).  "Complete diversity" means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).  A national banking association is a citizen of the state where its main offices are located, as those offices are designated in the articles of association.  *Wachovia Bank, N.A. v. Schmidt.*, 546 U.S. 303, 306–07 (2006).  An individual's citizenship is determined by where he or she is domiciled.  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

Wells Fargo disputes that complete diversity exists in this case.  Wells Fargo is a national banking association, and its articles of association designate Sioux Falls, South Dakota as the location of its main offices.  *Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, Civil No. 08-5472 (JNE/FLN), 2008 WL 5429134, *1 (D. Minn. Dec. 29, 2008).  Therefore, Wells Fargo is a citizen of South Dakota for diversity jurisdiction purposes.

*Id.*; *Wachovia Bank*, 546 U.S. at 307. Mr. Smith is domiciled in Texas and thus is a resident of Texas. Because Wells Fargo is a resident of South Dakota and Mr. Smith is a resident of Texas, complete diversity exists. *Whalen*, 954 F.2d at 1094.

Section 1332 also requires that the amount in controversy exceed $75,000 and that the parties are completely diverse. 28 U.S.C. § 1332 (2009). If no amount of damages has been alleged in the state court, defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (citation omitted).

Mr. Smith asserts that the amount in controversy is the value of the object of litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In his Notice of Removal, Mr. Smith states that the amount in controversy is $107,220, the value of the house at 3701 Lofland Lane in Rowlett, Texas. Def. Not. of Remov. at 2. Wells Fargo argues that the suit is one for forcible detainer, which adjudicates the right to possession and does not determine ownership of real property. *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App. —Dallas 2008, pet. dism'd w.o.j.) ("the only issue in a forcible detainer suit is who has the right to immediate possession of the property."). The court in *Elwell* explained that the object of forcible detainer litigation is not ownership of property but possession of it. *Id*. Mr. Smith has presented no evidence or argument concerning the value of possession of the house at 3701 Lofland Lane. The Court finds Mr. Smith has failed to meet his burden of demonstrating the amount in controversy exceeds the jurisdictional minimum of section 1332. *De Aguilar*

*v. Boeing Co.*, 47 F.3d at 1409.

IV.     Conclusion

Mr. Smith failed to remove within thirty days of receiving a pleading, motion, or other paper disclosing the availability of removal to federal court. Even if Mr. Smith had timely filed, he has not demonstrated the existence of federal subject matter jurisdiction under either 28 U.S.C. § 1331 or 1332. Wells Fargo's motion is **GRANTED** and this case is hereby **REMANDED** to County Court at Law No. 3, Dallas County, Texas. Wells Fargo also requests its actual expenses, costs, and attorney's fees pursuant to 28 U.S.C. § 1447(c). An award of costs and attorney's fees is within the trial court's discretion. *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Based on this Court's review of the facts and circumstances of the case, an award of expenses, costs, and attorney's fees to Wells Fargo is not warranted. The request for costs and attorney's fees is **DENIED**.

**SO ORDERED**.

Signed March 28th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE